IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL

| | |
|---|---|
| MARIA ANDRADE, HERMINIA ANDRADE, <br><br> Plaintiffs, <br><br> vs. <br><br> JBS USA, JBS LIVE PORK, LLC, SWIFT PORK COMPANY, TIM SCHELLPEPER, CHRIS GADDIS, BOB KREBS, NICHOLAS WHITE, TODD CARL, BRADLEY COMSTOCK, NICHOLAS AGUIRRE, TYLER DEVICK, NIKKI RICHARDSON, CAMERON BRUETT, JOHN/JANE DOE, (1-20); <br><br> Defendants. | 4:22-cv-00164-RGE-HCA <br><br> ORDER GRANTING MOTION TO STAY |

Plaintiffs filed a motion to stay all proceedings pending this Court's ruling on Plaintiffs' motion to remand ("Motion to Stay"). ECF No. 14. Plaintiffs request that the Court stay all proceedings, including discovery and briefing on the pending Motion to Dismiss (ECF No. 8) filed on May 20, 2022, until the Court has ruled on the pending Motion to Remand. ECF No. 9. Plaintiffs argue that a stay would conserve resources until the parties know whether they will be litigating in state or federal court.

Defendants partially resist the Motion to Stay. ECF No. 16. Defendants do not object to a stay of all discovery obligations including the Rule 26(f) conference, initial disclosures, and other discovery. Defendants do resist a stay of the briefing and ruling on the pending Motion to Dismiss. Defendants suggest that the Court should rule on the pending Motion to Remand and Motion to Dismiss simultaneously. In support of their suggestion, Defendants reference *Iowa*

*Pork Producers Ass'n v. Bonta,* Case No. 21-CV-3018-CJW-MAR, 2021 WL 4465968 (N.D. Iowa Aug. 23, 2021).

Federal courts have broad discretion to manage their dockets, including staying proceedings. *Landis v. North. Am. Co.*, 299 U.S. 248, 253 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. at 254. "The district court's power to stay proceedings has been drawn purposefully broad and is discretionary." *Fisher Controls Co. v. Control Components, Inc.*, 443 F. Supp. 581, 581 (S.D. Iowa 1977); see also *Landis*, 299 U.S. at 254; *Sierra Club v. U.S. Army Corps of Eng'rs,* 446 F.3d 808, 816 (8th Cir. 2006). Factors courts consider when determining whether to grant a stay include: "(1) the potential prejudice to the non-moving party caused by the delay; (2) whether a stay will simplify the issues; (3) whether discovery is complete and a trial date set; and (4) the source of the governing law." *Brown v. Louisiana-Pac. Corp.*, No. 4:12-cv-00102-SMR-TJS, 2013 WL 11826550, at *1 (S.D. Iowa June 14, 2013).

After a thorough review of the record, the Court agrees with Plaintiffs that a stay of the proceedings until the Court rules on the Motion to Remand promotes judicial economy. The Court distinguishes *Iowa Pork Producers Ass'n v. Bonta* based on the different motions and legal questions at issue in that case. If the Court grants the Motion to Remand, the federal court will no longer have jurisdiction over this case. The parties will then proceed to litigate the case in state court. If the Court denies the Motion to Remand, the parties will complete briefing the Motion to Dismiss and it will be submitted to the Court for ruling. The only prejudice to Defendants from the stay is a slight delay in the briefing and resolution of the Motion to Dismiss, whether that occurs in state or federal court.

The Court concludes that a stay of all proceedings, other than the Motion to Remand, promotes judicial economy. This case is relatively new, having been removed to federal court based on federal question jurisdiction on May 13, 2022.  The Parties have not engaged in any discovery including a Rule 26(f) conference. The Court has not held a scheduling conference or set any pretrial deadlines or a trial date.

Accordingly, the Court stays all proceedings, with the exception of proceedings related to the Motion to Remand, until the Court issues a ruling on the Motion to Remand.  If the Court denies the Motion to Remand, Plaintiffs shall file their resistance to the Motion to Dismiss within 14 days of the Court's ruling.  The Court **grants** Plaintiffs' Motion to Stay ECF No. 14.

IT IS SO ORDERED.

DATED this 14th day of June, 2022.

Helen C. Adams
Chief U.S. Magistrate Judge