IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARIA ANDRADE, as Administrator of the Estate of JOSE ANDRADE-GARCIA; and HERMINIA ANDRADE,<br><br>Plaintiffs,<br><br>v.<br><br>JBS USA;[1] JBS LIVE PORK, LLC; SWIFT PORK COMPANY; TIM SCHELLPEPER, CHRIS GADDIS; BOB KREBS; NICHOLAS WHITE; TODD CARL, BRADLEY COMSTOCK; NICHOLAS AGUIRRE; TYLER DEVICK; NIKKI RICHARDSON; CAMERON BRUETT; and JANE/JOHN DOES 1–20,<br><br>Defendants. | No. 4:22-cv-00164-RGE-HCA<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

## I.  INTRODUCTION

Plaintiff Maria Andrade, as administrator of the Estate of Jose Andrade-Garcia, and Herminia Andrade sue Defendants JBS USA Food Company—Jose Andrade-Garcia's former employer—JBS Live Pork, LLC, Swift Pork Company, Tim Schellpeper, Chris Gaddis, Bob Krebs, Nicholas White, Todd Carl, Bradley Comstock, Nicholas Aguirre, Tyler Devick, Nikki Richardson, Cameron Bruett, and Jane/John Does 1–20. Plaintiffs allege claims for gross negligence, fraudulent misrepresentation, loss of consortium, and punitive damages. Compl. ¶¶ 90–128, ECF No. 1-2. Defendants removed to this Court. Notice Removal, ECF No. 4. Plaintiffs now move to remand the action to state court, arguing Defendants fail to demonstrate the Court has federal question jurisdiction over Plaintiffs' claims. Pls.' Mot. Remand, ECF No. 9; Pls.' Mem.

---

[1] Defendants note in their motion to dismiss that JBS USA Food Company is incorrectly named as "JBS USA." Defs.' Mot. Dismiss 1, ECF No. 8.

Supp. Mot. Remand 5–7, ECF No. 9-1. Defendants move to dismiss Plaintiffs' complaint for failure to state a claim. Defs.' Mot. Dismiss, ECF No. 8-1. For the reasons stated below, the Court finds it lacks subject matter jurisdiction over Plaintiffs' claims. The Court grants Plaintiffs' motion to remand and denies as moot Defendants' motion to dismiss.

## II. BACKGROUND

Plaintiffs allege the following facts in their complaint. The first case of COVID-19 in the United States was diagnosed on January 20, 2020. ECF No. 1-2 ¶ 28. On January 31, 2020, a national public health emergency was declared. *Id.* ¶ 30. On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a global pandemic. *Id.* ¶ 35. On March 13, 2020, the President of the United States declared a national emergency in response to the COVID-19 outbreak. *Id.* ¶ 36. On March 17, 2020, the Governor of Iowa issued a public health disaster emergency proclamation. *Id.* ¶ 38. On March 24, 2020, the President approved a major disaster declaration for the State of Iowa. *Id.* ¶ 39.

By March 2020, employees at Defendants' meat processing plant in Marshalltown, Iowa grew concerned Defendants were not adequately prepared for the growing threat of the pandemic. *Id.* ¶ 42. Defendants did not test their employees for COVID-19 and refused to provide any information to the public about how many employees reported having COVID-19. *Id.* ¶¶ 44–45. Defendants required employees to work while waiting for their COVID-19 test results. *Id.* ¶ 49. Many employees struggled to access testing and avoided tests due to cost, wait times, and fear of being targeted by immigration authorities. *Id.* ¶ 52. Defendants did not require employees experiencing symptoms to report their potential illness, stay home from work, self-quarantine, or test for COVID-19. *Id.* ¶¶ 53–54. On March 25, 2020, Defendants announced a $600 bonus to be paid on May 15 to employees who complied with Defendants' "strict attendance policy." *Id.* ¶ 56. Around March 25, 2020, Defendants provided three free steak lunches for employees to thank

them for working during the pandemic. *Id.* ¶ 60. During the lunches, employees crowded inside the cafeteria, where Defendants had not implemented safety precautions. *Id.* ¶¶ 61–62. Defendants also did not implement safety precautions within the plant. *Id.* ¶ 63. In March 2020, concerned employees contacted the Iowa League of United Latin American Citizens with their concerns. *See id.* ¶¶ 65, 67. The Iowa League of United Latin American Citizens investigated the employees' claims and filed a formal complaint with the Iowa Occupational Safety and Health Administration. *Id.* ¶ 69. Although Defendants suspended operations at plants in other locations in April 2020, they did not suspend or limit operations at the Marshalltown plant. *Id.* ¶ 75.

Defendants employed Jose Andrade-Garcia at their plant in Marshalltown, Iowa. *Id.* ¶ 24. In early April 2020, Andrade-Garcia began feeling ill. *Id.* ¶ 83. He continued working until April 13, 2020, when he had "severe difficulty breathing." *Id.* ¶ 84. On April 17, 2020, Andrade-Garcia was hospitalized. *Id.* ¶ 85. Doctors determined Andrade-Garcia contracted COVID-19 through exposure to a coworker at the plant. *Id.* ¶ 86. On May 15, 2020, Andrade-Garcia died as a result of contracting COVID-19. *See id.* ¶ 87.

On April 4, 2022, Andrade-Garcia's widow, Herminia Andrade, and daughter, Maria Andrade, as the administrator of his estate, filed a complaint in the Iowa District Court for Marshall County, alleging claims under Iowa law for gross negligence, fraudulent misrepresentation, loss of consortium, and punitive damages. *Id.* ¶¶ 3, 90–128. Defendants removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. ECF No. 4. Defendants contend the Court has federal question jurisdiction over Plaintiffs' Iowa law claims because Plaintiffs' right to relief depends on the construction or application of federal law. *See id.* ¶¶ 14–34.

Defendants move to dismiss Plaintiffs' complaint. ECF No. 8. Plaintiffs move to remand the matter to the Iowa District Court for Marshall County, arguing Defendants fail to show Plaintiffs' Iowa law claims actually arise under or are preempted by federal law. ECF No. 9;

3

ECF No. 9-1. Defendants resist Plaintiffs' motion. Defs.' Resist. Pls.' Mot. Remand, ECF No. 19. Plaintiffs moved to stay proceedings pending the Court's ruling on their motion to remand. Pls.' Mot. Stay, ECF No. 14. The Court granted Plaintiffs' motion to stay. ECF No. 20. The Court now grants Plaintiffs' motion to remand and denies as moot Defendants' motion to dismiss.

Neither party requests oral argument, and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b). Additional facts are discussed below as necessary.

### III. LEGAL STANDARD

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Generally, a federal district court has original jurisdiction under 28 U.S.C. § 1331 when the alleged cause of action arises under the Constitution, laws, or treaties of the United States. "Removal based on federal question jurisdiction is usually governed by the 'well-pleaded complaint' rule." *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005) (citation omitted). "This rule provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (internal quotation marks and citation omitted). "The rule also 'makes the plaintiff the master of the claim,' allowing the plaintiff to 'avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

If a federal district court lacks subject matter jurisdiction, a plaintiff may move to remand the case to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010); 28 U.S.C. § 1447(c). The proponent of removal has the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). A federal district court's jurisdiction is evaluated at the time of removal. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). All doubts about federal jurisdiction are resolved in favor of

4

remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

## IV. DISCUSSION

### A. Removal and Remand

Defendants removed from the Iowa District Court for Marshall County under 28 U.S.C. § 1441, asserting Plaintiffs' state law claims require the application or construction of federal law and thus meet the requirements set forth in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005), for the Court's exercise of federal question jurisdiction. ECF No. 4 ¶ 15. More specifically, Defendants argue Plaintiffs' claims raise federal questions under Executive Order No. 13917 and the Federal Meat Inspection Act, 21 U.S.C. § 601. *See* ECF No. 4 ¶¶ 19, 22, 24, 26, 28–29. Plaintiffs argue these federal acts are not at issue in their complaint and are merely potential defenses. ECF No. 9-1 at 6.

The Court addresses Defendants' arguments as to each federal act below. The Court finds Defendants fail to show how Plaintiffs' wrongful death claims under Iowa law necessarily require construction or application of federal law. As such, the Court lacks subject matter jurisdiction over Plaintiffs' claims. The Court grants Plaintiffs' motion to remand. As such, the Court lacks jurisdiction to consider Defendants' motion to dismiss and denies the motion.

"[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A federal question can also be raised where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (internal quotation marks omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)); *see also Grable*, 545 U.S. at 312 ("There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in

5

certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Defendants fail to show the Federal Meat Inspection Act creates federal question jurisdiction over Plaintiffs' state law wrongful death claims. "The Federal Meat Inspection Act (FMIA or Act), 21 U.S.C. § 601 et seq., regulates the inspection, handling, and slaughter of livestock for human consumption." *Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 455 (2012). "The [Federal Meat Inspection Act] regulates a broad range of activities at slaughterhouses to ensure both the safety of meat and the humane handling of animals." *Id.* Defendants argue the Court must interpret and apply federal law to resolve Plaintiffs' claims because the Federal Meat Inspection Act preempts States from imposing any requirements different from or in addition to those prescribed by the Act. Defs.' Br. Supp. Resist. Pls.' Mot. Remand 9, ECF No. 19-1; *see also* 21 U.S.C. § 678. Plaintiffs argue that the Federal Meat Inspection Act does not provide a private right of action and thus cannot preempt state law claims for wrongful death. ECF No. 9-1 at 10–11.

Defendants provide no authority supporting their argument that the Federal Meat Inspection Act preempts state law claims for gross negligence, fraudulent misrepresentation, loss of consortium, and punitive damages; nor do Defendants show how such claims impose any requirements different from or in addition to the Federal Meat Inspection Act. Regardless of the parties' arguments regarding preemption, Defendants do not point to any Federal Meat Inspection Act regulation or prohibition that is actually disputed here. Defendants contend the Federal Meat Inspection Act illustrates the federal government's concern with disease among

6

meat processing employees. ECF No. 19 at 10–12. "A defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (emphasis removed). A broad demonstration of concern for meat safety does not constitute a federal issue requiring the Court's application or construction of federal law. Defendants fail to demonstrate federal question jurisdiction exists on this ground.

Defendants' argument that removal on the basis of federal question jurisdiction is proper because Plaintiffs' claims require the Court to apply or construe the Executive Order fails. "On April 28, President Trump signed Executive Order 13917, which declared that 'meat and poultry in the food supply chain [met] the criteria specified' in § 4511(b) of the [Defense Production Act], meaning they constituted 'critical and strategic materials.'" *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 736 (8th Cir. 2021) (first alteration in original) (quoting Exec. Order No. 13917, 85 Fed. Reg. 26,313, 26,313 (Apr. 28, 2020)). Notably, the Executive Order was not issued until April 28, 2020—well after Andrade-Garcia was hospitalized for contracting COVID-19. Even assuming the Executive Order implicated federal law issues in state law wrongful death claims, such federal law issues are irrelevant where the primary allegations giving rise to Plaintiffs' state law claims occurred before the Executive Order was issued. Defendants point out the Executive Order admonishes processing facilities to remain open and thus illustrates a federal concern for the food industry. ECF No. 19-1 at 11. But the effect of an admonishment to keep the plant open has no bearing where Andrade-Garcia was already hospitalized for COVID-19 when the admonishment was given. A mere demonstration of federal concern for food production in early 2020 does not amount to an issue of federal law requiring application or construction of federal law. Plaintiffs' claims do not necessarily raise a federal issue based on the Executive Order when the events giving rise to Plaintiffs' claims occurred before the Executive

Order even existed. *Cf. Grable*, 545 U.S. at 313. Defendants fail to show federal question jurisdiction exists on this ground.

Finally, any argument by Defendants that federal question jurisdiction exists because Plaintiffs allege Defendants failed to "abide by State and Federal rules, regulations, and guidance" also fails. ECF No. 19-1 at 9. Broad allegations that a party failed to comply with federal law and regulations do not demonstrate an issue of federal law is actually disputed and therefore cannot confer federal question jurisdiction. *See Merrell Dow*, 478 U.S. at 813 (recognizing "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").

The Court grants Plaintiffs' motion to remand the matter to the Iowa District Court for Marshall County. Consequently, the Court lacks jurisdiction to consider Defendants' motion to dismiss for failure to state a claim.

### B. Fees and Costs

Plaintiffs contend Defendants had no objectively reasonable basis for removal because the Executive Order they rely on was issued after their claims accrued and their arguments as to the Federal Meat Inspection Act as a basis for removal were already rejected by the Eighth Circuit. ECF No. 9-1 at 14–15. Thus, Plaintiffs argue they are entitled to an award of fees and costs. *Id.* It is within the Court's discretion to order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

First, as to Plaintiffs' argument regarding the Eighth Circuit's rejection of the Executive Order and the Federal Meat Inspection Act as bases for removal, Defendants contend Plaintiffs'

8

reliance on the Eighth Circuit's decision in *Buljic v. Tyson Foods Inc.* is insufficient to demonstrate Defendants lacked an objectively reasonable basis for removal. ECF No. 19-1 at 2, 17–18 (citing 22 F.4th at 742). Defendants point out that the *Buljic* Court rejected a basis for removal concerning the federal-officer removal statute and did not address federal question jurisdiction or the *Grable* requirements. ECF No. 19-1 at 2, 17–18 (citing 22 F.4th at 742). As such, Defendants argue Plaintiffs cannot rely on this case to seek sanctions for improper removal. *See id.* The Court agrees. Plaintiffs' reliance on a case that does not consider the basis for removal posited by Defendants here is insufficient to show Defendants lacked an objectively reasonable basis to remove.

The Court finds Defendants' reliance on the Executive Order issued after Andrade-Garcia contracted COVID-19—but before his death—as a basis for removal is not so unreasonable so as to warrant ordering Defendants to pay fees and costs. Defendants removed based on a novel and complex area of the law that has not been addressed by the Eighth Circuit. *See Fernandez v. Tyson Foods, Inc.*, 509 F. Supp. 3d 1064, 1084 (N.D. Iowa 2020), *aff'd sub nom. Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021) ("Even though the court has determined that removal based on federal question jurisdiction is not permitted in this case, the court finds that Tyson did not objectively act unreasonably given the complexity and novel nature of this case."). Without binding precedent regarding the potential federal issues raised by the Executive Order, it is not objectively unreasonable for Defendants to attempt to remove on this basis. The Court exercises its discretion and declines to order Defendants to pay fees and costs.

V. **CONCLUSION**

The Court lacks jurisdiction and remands the action to the Iowa District Court for Marshall County. Because the Court lacks subject matter jurisdiction, it cannot consider Defendants' motion to dismiss for failure to state a claim.

**IT IS ORDERED** that Plaintiffs Maria Andrade, as Administrator of the Estate of Jose Andrade-Garcia, and Herminia Andrade's Motion to Remand, ECF No. 9, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants JBS USA Food Company, JBS Live Pork, LLC, Swift Pork Company, Tim Schellpeper, Chris Gaddis, Bob Krebs, Nicholas White, Todd Carl, Bradley Comstock, Nicholas Aguirre, Tyler Devick, Nikki Richardson, and Cameron Bruett's Motion to Dismiss, ECF No. 8, is **DENIED** as moot.

The parties are responsible for their own costs.

**IT IS SO ORDERED.**

Dated this 29th day of August, 2022.

Rebecca Goodgame Ebinger
UNITED STATES DISTRICT JUDGE